CHARLES O'SHONESSY, Appellant, v. CITY OF SIOUX CITY et al., Appellees.

**MUNICIPAL CORPORATIONS:** Public Improvements—Extension of Time of Performance. The time of performance of a contract for the construction of a public improvement may, even after the contract time of performance has wholly expired, be extended by the city council, and especially so when the contract quite clearly contemplates that such extension may be necessary.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

OCTOBER 25, 1921.

SUIT in equity, to set aside certain paving assessments and to cancel the lien thereof against the property of the plaintiff.

A demurrer to the petition was sustained, and the plaintiff appeals.—*Affirmed.*

*Martin Neilan,* for appellant.

*Fred H. Free, E. G. Smith, Stipp, Perry, Bannister & Starzinger, O. T. Naglestad,* and *Alfred Pizey,* for appellees.

EVANS, C. J.—The alleged invalidity of the paving assessments under attack is based upon the theory that the paving contract was not performed within the time specified within the original contract, and that the city council had no authority to extend the time of performance.

The contract in question was let to the construction company on July 1, 1920, and provided that the performance should be fully completed on or.before the 15th day of November 1920, "unless otherwise provided in writing, signed by the mayor, and approved by the city council," subject only to certain other provisions. The construction company did not complete the work on or before November 15, 1920, nor had it, upon such date, begun the work. On December 15, 1920, the city council extended the time to July 1, 1921. The contention for plaintiff and appellant is that the city council had no power, after November 15, 1920, to extend the time of the performance; that it could exercise its power of extension only on or before the expiration of the original time of performance. This is the one question in the case. It is argued that time was of the essence of the contract, and that the right of the construction company was fully forfeited on the 15th day of November, 1920, and that it could not thereafter be revived by the city council, except, perhaps, by instituting new proceedings. Paragraphs 4 and 5 of the contract were as follows:

"The contractor shall commence work on or before the......
day of ............, 19...., and regularly and diligently prosecute the same and fully complete the same on or before the 15th day of November, 1920, unless otherwise provided in writing signed by the mayor and approved by the city council of said city, subject only to the provisions made in Paragraph nine (9) hereof.

"Should said contractor fail to complete said improvements in strict accordance with the terms and conditions of this contract, and of the plans and specifications for said improvement, promptly within the time hereinbefore specified, then said contractor specifically agrees to pay unto said incorporated city, any expenses incurred by it on account of said contractor requiring such additional time, which expenses shall include the additional cost for engineering, inspection, and legal work caused by such delay."

It will be noted from the foregoing that time was made of the essence of the contract, not for the purpose of forfeiture, but for the purpose of imposing certain penalties of additional expense upon the construction company, in the event of its failure. The construction company was not released from the obligation of the contract by its mere failure to perform the same within the time specified. The clear implication of the contract is that additional time might be thereafter allowed, at the election of the city council and at the expense of the construction company. The city council appears to have elected to enforce the contract, and to grant additional time for that purpose. We see nothing in the contract which curtailed the power of the city council in this respect. That such power may be exercised after the expiration of the time of performance fixed in the original contract was held in the case of *Messer v. Marsh,* 191 Iowa 1144. The defendants' demurrer to the petition was properly sustained, and the judgment below is, accordingly, affirmed.—*Affirmed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.